UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

L.V. GRUBBS, JR.,

    Plaintiff,

v.                                                            Case No. 16-10426

COMMISSIONER OF SOCIAL SECURITY,          HON. AVERN COHN

    Defendant.

_____/

## DECISION AFFIRMING DENIAL OF BENEFITS

### I. INTRODUCTION

This is a Social Security case. Plaintiff L.V. Grubbs, Jr. (Grubbs) appeals a decision of the Commissioner of Social Security (Commissioner) denying his application for disability insurance and other benefits. Grubbs asserts impairments including knee arthrosis, hand dysfunction, asthma and chronic obstructive pulmonary disease.

Grubbs is suing under 42 U.S.C. § 405(g) seeking reversal of the Commissioner's decision. Grubbs has filed a motion for summary judgment, (Doc. 13). The Commissioner has filed a cross motion for summary judgment, (Doc. 14). The motions were referred to a magistrate judge who reported and recommended, (Doc. 15), that the Court deny Grubbs's motion, grant the Commissioner's motion, and affirm the denial of benefits. Grubbs has raised various objections, (Doc. 16).

The Court has considered the report and recommendation (R&R) and Grubbs's objections to it, and conducted a *de novo* review of the record pertaining to the objections. The Court agrees with the magistrate judge's conclusions and reasoning.

## II. DISPOSITION

Grubbs's objections to the R&R, (Doc. 16), are OVERRULED, the R&R, (Doc. 15), is ADOPTED, Grubbs's motion for summary judgment, (Doc. 13), is DENIED, the Commissioner's motion for summary judgment, (Doc. 14), is GRANTED, and the Commissioner's denial of benefits is AFFIRMED.

## III. FACTS AND PROCEDURAL HISTORY

Grubbs does not object to the R&R's recitation of the facts and procedural history. (Docs. 15, 16). The Court adopts and incorporates it. (*See* Doc. 15).

## IV. PENDING MOTIONS

Grubbs seeks review of the agency's determination of his residual functional capacity (RFC) to perform light work with restrictions. However, instead of arguing the substance of the RFC, he seeks relief on various technical and procedural grounds. They are the administrative law judge (ALJ)'s: (1) failure to comply with prior remand orders to address additional medical records submitted, (2) decision to accord "great weight" to a consultant physician's RFC assessment pre-dating these records, (3) failure to undergo a "function-by-function" analysis in determining RFC, and (4) failure to obtain an updated RFC report given the additional medical records.

## V. STANDARD OF REVIEW

### A. R&R Objections

The Court must review *de novo* parts of an R&R to which a party objects. 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

### B.      Commissioner's Disability Determination

The Court's review is limited to determining if "the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).  In doing so, the Court does not resolve conflicts in the evidence or questions of credibility.  *Brainard v. Sec'y of HHS*, 889 F.2d 679, 681 (6th Cir. 1989). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.*

## VI.      DISCUSSION

As objections to the R&R, Grubbs reiterates the grounds for review detailed in his pending motion.  They are each addressed below.

### A.      Compliance with Remand Orders

The ALJ's decision *explicitly* discusses in detail the additional medical records at issue, to wit Exhibits 7F (2010 treatment records of Dr. Yasser Aleech, a pulmonary specialist), 8F (2013 treatment records of Dr. Ryan Beekman, an orthopedist) and 11F (2012-2014 records of Dr. Aleech).  (*See* AR at 315-16).  These records were accounted for in the agency's decision, which was all that was required on remand.

### B.      Decision to Credit RFC Report Pre-Dating New Records

The ALJ's RFC assessment was based on Grubbs's testimony as to daily activities and the unremarkable clinical findings reflected in his medical records, including Exhibits 7F, 8F and 11F from 2010 to 2014.  Additionally, the ALJ credited the consultant physician's RFC assessment.  Together, this evidence is adequate support.

### C. Failure to Perform "Function-by-Function" Analysis of RFC

There is no requirement for an ALJ to detail in writing a claimant's status for every conceivable work-related function. Instead, the ALJ must discuss how the evidence supports, or not, the functional limitations identified. This was done here.

### D. Failure to Obtain Updated RFC Assessment

The cited requirement to obtain an updated medical opinion relates to whether a condition is medically equivalent to a listed condition. Equivalency is not at issue.

SO ORDERED.

s/Avern Cohn<br>UNITED STATES DISTRICT JUDGE

Dated:  March 28, 2017
       Detroit, Michigan